The Judges delivered their opinions.
JUDGE TUCKER,
(after stating the case.) The original agreement between Mayo and Sydnor, referred to in the bill, whereby it was stipulated that, if Gaddy did not within one month produce the eleven muskets delivered him to clean, that Mayo should have credit for their value, is an admission on the part of Sydnor that Mayo should not be driven to his action to obtain compensation for them, if not delivered, but that the value thereof should be admitted as an equitable discount, or set-off against the bond. I call it an equitable discount, because I do not know in what manner he could have had the benefit of it at law; the value of the muskets not being ascertained in the agreement. And indeed, the parties seem to have ad-536 mitted this, the one *by confessing a judgment on the bond, and the other by consenting that the former should be allowed fourteen days to file his bill of injunction in the Clerk’s office. But, were it not so, the circumstances of fraud and imposition, charged in the bill, in my opinion, are amply sufficient to give jurisdiction to the Court ot Chancery, in this case: nor could a demurrer, for want of equity, hold.
As to the merits. In the case of Norton v. Rose, (1 Wash. 233,) it was the unanimous opinion of the Court, (in the absence of Judge Pendleton and Judge Fleming,) that an assignee of a bond or obligation takes the same subject to all the equity of the obligor; and this, as I understand the Judges, whether the assignee at the time of the assignment have notice of such equity, or not. The question appears to have been fully discussed both by the bar, and by the bench, and therefore ought not now to be disturbed. But I am so far from feeling a *212 disposition to do so, that I accord entirely with the opinions thus delivered. The only question, then, is, has the appellant brought his case within the rule there laid down? Erom the agreement, as before stated, and a letter of March 9, 1791, from Sydnor to Mayo, and the deposition of Samuel Jones, I am very much disposed to believe that Mr. Mayo was probably entitled to the relief he seeks.
But the whole, taken together, does not in my opinion support the allegations of his bill. Why no process was ever issued against Sydnor, to compel him to answer the charges against him; or why Gaddy was neither made a party, nor a witness in the causes, it is impossible for this Court to discover. While I feel from the evidence before me a strong suspicion that other and better evidence might have been adduced, in support of the bill, I am constrained to say that the appellant has not proved his case, as alleged in the bill, or as it appears probable from some parts of Samuel Jones’s deposition. I therefore think the decree must be affirmed. But I conceive it ought to be, without prejudice to any future bill against Sydnor which he may be advised to bring for relief on this subject. It would indeed be my wish only to affirm so much of the decree as dissolves the injunction, and allows the appellee to take the benefit of his judgment at law, and remand the cause for further proceedings, if the plaintiff should be so advised. But I doubt the power of this Court to make such a decree where the cause, with all its imper-537 fections, *on the part of the plaintiff, upon its head, after being in Court full seven years, was brought on by consent of parties, to be heard in chief upon the bill, answer, exhibits and depositions, in this record.
In the opinion I have given I mean not, in the most distant manner, to disturb or weaken the principles established in the case of Norton v. Rose, in which I most heartily concur.
JUDGE ROANE concurred in affirming the decree.
JUDGE EEEMING
was of the same opinion ; observing, that, whatever equity Mayo might have against Sydnor, he-had none against Giles, who was a fair purchaser of the bond, and to whom Mayo had made a promise of payment.
Decree unanimously affirmed.